**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-01036-LTB-MEH

WILLIAM G. RUDOLPH, M.D., an individual, and
PIKES PEAK CENTER FOR COLON & RECTAL SURGERY, P.C, a Colorado professional corporation,

    Plaintiffs,

v.

MEMORIAL HOSPITAL, an instrumentality of the City of Colorado Springs, Colorado, d/b/a MEMORIAL HOSPITAL, d/b/a MEMORIAL HOSPITAL CORPORATION, a non-profit corporation

    Defendant.

---

**PROPOSED STIPULATED PROTECTIVE ORDER**

---

THE PARTIES, by and through their respective counsel, jointly move the Court to enter an order approving this stipulation (hereafter the "Stipulated Protective Order") and adopting it as an order of the Court, and as grounds therefore show the Court the following:

During the course of this litigation the Parties may produce or disclose information, writings and other tangible things that may be confidential in nature, including but not limited to, proprietary business, medical or personal information. The Parties hereby agree to the entry of a protective order regarding this information consistent with the provisions of F.R.C.P. 26(c). Pursuant to Rule 26(c), F.R.C.P, the Parties accordingly stipulate and agree that this Stipulated Protective Order shall govern

the handling of documents, depositions, deposition exhibits, responses to any discovery request, including responses to interrogatories, document requests and requests for admissions and any other information produced, given or exchanged by and among the parties and non-parties to this action.

  1.  For the purpose of this Stipulated Protective Order the following definitions shall apply:

    (a)  "Discovery Material" shall mean all documents within the meaning of Rule 34, F.R.C.P.; deposition transcripts; deposition exhibits; responses to discovery requests, including responses to interrogatories, document requests and requests for admissions; and any information produced pursuant to the *Federal Rules of Civil Procedure* or otherwise given or exchanged by and among the parties and non-parties to this action.

    (b)  "Producing Party" shall mean any party or non-party to this action producing Discovery Material.

    (c)  "Designating Party" shall mean any Producing Party who has designated Discovery Material as "Confidential".

    (d)  "Receiving Party" shall mean any party to whom Discovery Material has been produced in this litigation.

    (e)  "Confidential Discovery Material" shall mean any Discovery Material designated as "Confidential" hereunder.

(f) "Protectible Information" shall mean any information subject to protection under Rule 26(c), F.R.C.P.

2. Protectible Information may be produced without waiver of any privilege or immunity, if any, from discovery, disclosure or inspection that might be attached provided such information is disclosed pursuant to the procedures set forth herein.

3. Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulated Protective Order if such party in good faith believes that such Discovery Material may qualify for protection under Rule 26(c), F.R.C.P.

4. The designation of Discovery Material as "Confidential" for purposes of this Stipulated Protective Order shall be made in the following manner:

(a) In the case of documents or other materials (apart from interviews, depositions or pretrial testimony), by stamping on or affixing to the same the legend "Confidential" or a substantially similar legend. In the case of multi-page documents, the confidentiality legend need only be stamped on the first page of the document to protect the entire document.

(b) In the case of depositions or pretrial testimony:

(i) by a statement on the record, by counsel, at the time of such disclosure that said deposition or pre-trial testimony or any portion thereof, is Confidential; or

(ii) by written notice, sent by counsel to counsel for the other parties, after receipt by the Designating Party of a signed transcript of such deposition or pre-trial testimony, that said testimony is Confidential.

In both instances counsel shall direct the court reporter or counsel to affix the appropriate confidentiality legend to any portion of the original transcript, and to that portion of all copies of the transcript, and those portions of the transcript so designated shall be deemed Confidential Discovery Material.

(c) In the case of any other production of Discovery Material not otherwise covered by this paragraph 5, by a written statement made by counsel of the Designating Party to counsel for the other parties to this action that such Discovery Material or any portion thereof is "Confidential".

Inadvertent failure to designate material as "Confidential" by oral or written notice shall not, in itself, be deemed a waiver of any claim of confidentiality as to such material, and the same may thereafter be corrected by supplemental written notice.

5. Confidential Discovery Material shall be used solely for purposes of this action and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding or litigation.

6. Confidential Discovery Material may be disclosed, summarized,

described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(a) The Court, persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b) Outside counsel to any named party, including such counsel's direct employees and any independent legal, paralegal and secretarial staff employed or retained by such counsel, including any outside copying services;

(c) Individuals serving as mediators with regard to these proceedings, provided that they sign an undertaking substantially in the form of Exhibit A agreeing to be bound by the terms of this Stipulated Protective Order;

(d) Deposition witnesses questioned by counsel of record for a party in connection with this action;

(e) An author or recipient of the Confidential Discovery Material or someone mentioned in it;

(f) Experts or consultants retained by a party, subject to the provisions of paragraph 8.

7. Notwithstanding anything contained in paragraph 6, Confidential Discovery Material may be disclosed to any expert or consultant retained by counsel in connection with this action only to the extent necessary for such expert or consultant to assist counsel in the prosecution or defense of

this action. Before receiving any Confidential Discovery Material, such consultant or expert shall sign an Undertaking in the form attached hereto as Exhibit A, thereby agreeing in writing to be bound by the terms and conditions of this Stipulated Protective Order, consenting to the jurisdiction of this Court for purposes of enforcement of the terms of this Stipulated Protective Order, and agreeing not to disclose or use such Confidential Discovery Materials for purposes other than those permitted hereunder. Upon entry of a final judgment and resolution of all appeals, or upon execution of a settlement agreement resolving all claims asserted in this litigation, and within 20 days of receipt of a written request for the same from counsel of record for the Producing Party, counsel who has disclosed or otherwise provided Confidential Discovery Material to an expert or consultant shall deliver a copy of the Undertaking signed by such expert or consultant to counsel of record for the Producing Party. Such counsel of record shall maintain such Undertakings and writings and shall not disclose such documents to any named party in this action except on counsel's good faith belief of the need for such disclosure.

8. No copies of Confidential Discovery Materials shall be made except by or on behalf of the persons listed in the subsections of paragraph 6 above. To the extent such authorized persons require copies of Confidential Discovery Materials, any such copies shall be used solely for the purposes of this action.

9. If Confidential Discovery material is submitted to the Court, it shall be submitted under seal, but the Confidential Discovery Material may be generally discussed in a motion, brief or other court filing without placing the court filing under seal unless the substance of the Confidential Discovery Material is revealed in the court filing. Documents to be filed under seal hereunder shall be filed in sealed envelopes marked with the title of the action and bearing a statement substantially in the following form:

**CONFIDENTIAL**

**FILED UNDER SEAL PURSUANT TO A STIPULATED PROTECTIVE ORDER DATED DECEMBER 28, 2007 GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION OBTAINED DURING THE COURSE OF THIS LITIGATION.**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY OR TO QUALIFIED PERSONS OR BY COURT ORDER.**

All such materials so filed shall be released from confidential treatment only upon further order of the Court.

10. If any Receiving Party objects to the designation of any Discovery Materials as Confidential Discovery Materials hereunder, he or she shall

notify the Designating Party in writing of the objection. The parties shall then attempt to resolve the dispute in good faith on an informal basis. If the parties are unable to resolve the dispute in five business days following receipt of the letter objecting to the designation, the party objecting to the designation may move for relief from this Stipulated Protective Order with respect to such challenged Confidential Discovery Materials. If such motion is made, and until the Court rules on such motion, the Discovery Material shall continue to be treated as Confidential Discovery Material under the terms of this Stipulated Protective Order. In any proceeding regarding a challenge to the designation of Discovery Material as Confidential Discovery Material, the burden shall be on the Designating Party to establish that the material is entitled to protection under Rule 26(c), Fed. R. Civ. P. A dispute concerning confidentiality shall not otherwise impede the progress of discovery.

11. In the event that any Confidential Discovery Material is used in any court proceeding in this action or any appeal therefrom, counsel shall confer in good faith on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings. The use of Confidential Discovery Material in any court proceeding shall not prejudice in any way the rights of any person to petition the Court for such further protective measures as may be necessary to protect the confidentiality of any documents, information or transcripts.

12. In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall not be given access to Confidential Discovery Material until the newly joined party, by its counsel, or the newly appearing counsel, has executed this Stipulated Protective Order and provided a copy of same to all other counsel in this action.

13. Entering into or agreeing to this Stipulated Protective Order, and/or producing or receiving Confidential Discovery Material, or otherwise complying with the terms of this Stipulated Protective Order shall not:

    (a) Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, unduly burdensome, or otherwise to the production of documents or other information they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

    (b) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document (or portion thereof); testimony or other evidence subject to this Stipulated Protective Order;

    (c) Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly Confidential Discovery Material;

(d) Prevent the parties to this Stipulated Protective Order from agreeing in writing, with the consent of the Designating Party, to alter or waive the provisions or protections provided for herein with respect to any particular Discovery material; or

(e) Prejudice in any way the rights of a party to contest the designation of any Discovery Material as Confidential Discovery Material.

(f) Waive in any way the legal arguments of a party as to whether the information is or is not confidential for purposes of discovery, including depositions, and trial.

14. The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is privileged under the attorney-client, accountant-client, or other privilege, or protected from discovery as work product within the meaning of Federal Rule of Civil Procedure 26, or that such document is irrelevant to any claims raised in this action, and no person shall be held to have waived any rights by such inadvertent production.

Upon written request by a person inadvertently producing a document or other information, the receiving party (a) shall return the original and all copies of such documents and shall not use such information for any purpose except upon further Order of the Court; or (b) if the receiving party wishes to contest an assertion that an inadvertently produced document is protected from discovery on grounds of privilege,

relevance, or otherwise, the receiving party may retain only one copy of such document for the sole purpose of preparing a motion for relief from the assertion that the document is protected from discovery, and shall not use such information for any other purpose except upon further Order of the Court, and shall return all other copies to the Producing Party. Any party retaining a copy of a document under this provision must file any such motion for relief within 5 days of receipt of a written request by the inadvertently Producing person for the return of the document.

15. Nothing in this Stipulated Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Discovery Material shall be treated at trial.

16. This Stipulated Protective Order is executed by Plaintiff and Defendant by and through their attorneys who also sign on behalf of themselves and their respective law firms. Each attorney executing this Stipulated Protective Order on behalf of a party or counsel of record warrants that the attorney is duly authorized by such party or counsel to do so.

17. This Agreement may be executed in two or more counterparts, each of which will be an original and all of which together will constitute but one Stipulated Protective Order. This Stipulated Protective Order may be entered into by signatures on facsimile copies.

DATED this 7th day of January, 2008.                    .

                                BY THE COURT:

                                _s/ Michael E. Hegarty_____
                                Michael E. Hegarty
                                United States Magistrate Judge

STIPULATED AND AGREED TO:

01/03/08
 Date

*/s/ Lori M. Moore*

_____

Lori M. Moore
Kimberly F.W. DeLine
Attorneys for Defendant Memorial Hospital
Retherford, Mullen, Johnson & Bruce, LLC
Plaza of the Rockies, South Tower
121 South Tejon Street, Suite 601
Colorado Springs, CO 80903
Phone No.: (719) 475-2014
Fax No.: (719) 630-1267
E-mail: lmoore@rmjblaw.com


/s/Gary B. Blum

01/03/08
 Date

Gary B. Blum, Esq.
Martin D. Beier, Esq.
Attorneys for Plaintiff
SILVER & DEBOSKEY
The Smith Mansion
1801 York Street
Denver, CO 80206